# EXHIBIT A

**SUMMONS**

RECEIVED
JUN 0 2 2022
By LBorchers

| Attorney(s) | George J Cotz |
| Office Address | 47 S Franklin Turnpike |

Town, State, Zip Code   Ramsey NJ 07446
Telephone Number   (201) 327-0900
Attorney(s) for Plaintiff

David M. Civan

**Superior Court of New Jersey**

Bergen   **COUNTY**
Law   **DIVISION**

Docket No:   BER - L- 2900 - 22

Plaintiff(s)

Vs.
Mario Kranjac and Art Sopelsa, individually and in their official

capacity; and the Borough of Englewood Cliffs

Defendant(s)

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Clerk of the Superior Court

DATED:   05/31/2022

Name of Defendant to Be Served:   Borough of Englewood Cliffs, c/o Borough Clerk

Address of Defendant to Be Served:   482 Hudson Terrace, Englewood Cliffs, NJ

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

George J Cotz, Esq  #010711974
47 S. Franklin Turnpike
Ramsey, NJ 07446
Phone 201- 327-0900
cotzlaw2@aol.com
Attorney for the Plaintiff

|  |  |
|---|---|
| **David M. Civan,**<br>        **Plaintiff**<br><br>**VS**<br><br>**Mario Kranjac and Art Sopelsa, individually and in their official capacities, and the Borough of Englewood Cliffs, a municipal corporation,**<br>        **Defendants** | **DOCKET NO. BER- L-**<br><br>**CIVIL ACTION**<br><br>*COMPLAINT*<br>*and JURY DEMAND* |

Plaintiff, David M. Civan, complaining of Defendants says:

## PARTIES

1.      Plaintiff is a resident of the Borough of Englewood Cliffs, in the County of Bergen.

2.      On information and belief, all Defendants are also residents of the Borough of Englewood Cliffs, in the County of Bergen.

3.      The Borough of Englewood Cliffs, is a New Jersey municipal corporation, located in the County of Bergen.

## FACTUAL ALLEGATIONS

4.      Defendant Mario Kranjac ("Kranjac") is Mayor of the Borough of Englewood Cliffs; Defendant Art Sopelsa is Zoning Officer of the Borough.

5.      In November 2015 Defendant Kranjac, a Republican, was elected Mayor of the Borough in a hotly contested election against Democratic candidate Joseph Favaro.  He

assumed office on January 3, 2016.

6.    Thereafter, Defendant Sopelsa was hired as the Borough's Zoning Officer.

7.    Almost immediately upon taking office, a dispute arose between Defendant Kranjac and then- Chief of the Borough Police Department, Michael Cioffi.  This dispute eventually evolved into protracted litigation in federal court.

8.    Cioffi alleged in his lawsuit, case no 2:16-cv-04536, that various actions taken by Defendant Kranjac and his administration were politically motivated and retaliatory for Cioffi's public support of Kranjac's 2015 opponent, Favaro.

9.    Plaintiff is a long-time supporter of the Democratic Party in the Borough.  He repeatedly supported former Mayor Joseph Parisi, Jr. and his father, who also served as Mayor before him.  During the 2015 election campaign, with the endorsement of Mayor Joseph Parisi, Jr., Joseph Favaro ran for mayor in Englewood Cliffs on the Democratic ticket. Plaintiff similarly supported Mr. Favaro.

10.   Over the course of 2016, 2017, 2018 and into 2019, there were many public sessions of the mayor and council where the treatment of Chief Cioffi was discussed.  Plaintiff spoke in support of Cioffi at several of those meetings, and criticized Defendant Kranjac at the same time.

11.   Thereafter, he was targeted by Defendants over trivial matters, such as parking his car in the street and parking a car in his backyard.  Once, he even found Defendant Kranjac outside his home late in the evening, in the street, peering into his car.

12.   In May 2020, Plaintiff received warnings issued by Defendant Sopelsa about having a car parked in his backyard.

13.   Nothing in the Borough Code, at that time, prohibited parking a car in a backyard.

14.   On June 1, 2020, Defendant Sopelsa issued a summons to Plaintiff for parking a car in his front yard, which is a Borough violation, although that had not occurred.

15.   On information and belief, the summons was issued by Sopelsa to Plaintiff at the explicit or implicit behest of Defendant Kranjac, as retaliation for his public speech in defense of Cioffi and critical of Defendant Kranjac.

16.     On information and belief, Defendant Soplelsa issued many violations that were either for trivial violations that were being selectively enforced, or were actually non-violations, such as was the case with Plaintiff, at the explicit or implicit behest of Defendant Kranjac, as retaliation for opposition to Kranjac and/or his policies.

17.     The summons issued against Plaintiff was ultimately dismissed as unfounded by the Bergen County Municipal Court.

18.     Plaintiff filed a timely Tort Claims Notice with the Defendant Borough.

## FIRST COUNT
## 42 USC 1983

19.     As a citizen of the United States and the State of New Jersey, Plaintiff enjoys certain rights arising under the Constitution of the United States and the Constitution of the State of New Jersey.  Among these rights is freedom of speech.  This right arises under the First Amendment to the Constitution of the United States and under Article I, §§s 6 and 18  of the Constitution of the State of New Jersey.

20.     In issuing a baseless summons to Plaintiff, as retaliation for Plaintiff's public speech in defense of Cioffi and/or critical of Kranjac, Plaintiff was harmed .

21.     The actions of Defendants were taken under color of law.

22.     The actions of Defendants were contrary to 42 USC 1983.

23.     The actions of Defendants caused Plaintiff severe emotional stress and turmoil.

        WHEREFORE, Plaintiff demands judgment on this Count against Defendants jointly and severally, pursuant to 42 USC 1983 for compensatory and punitive damages, reasonable counsel fees, and costs of suit.

## SECOND COUNT
## NJSA 10:6-1

24.     As a citizen of the United States and the State of New Jersey, Plaintiff enjoys certain rights arising under the Constitution of the United States and the Constitution of the State of

New Jersey. Among these rights are freedom of association. This right arises under the First Amendment to the Constitution of the United States and under Article I, §§s 6 and 18 of the Constitution of the State of New Jersey.

25.    In issuing a baseless summons to Plaintiff, in retaliation for Plaintiff's public speech in defense of Cioffi and/or critical of Kranjac, Plaintiff was harmed .

26.    The actions of Defendants were taken under color of law.

27.    The actions of were contrary to NJSA 10:6-1.

28.    The actions of Defendants caused Plaintiff severe emotional stress and turmoil.

WHEREFORE, Plaintiff demands judgment on this Count against Defendants jointly and severally, pursuant to NJSA 10:6-1 for compensatory and punitive damages, reasonable counsel fees, and costs of suit.

### THIRD COUNT
### Respondeat Superior

29.    The retaliation against Borough residents who are, or who are perceived to be, politically opposed to Defendant Kranjac and his allies is so widespread, common and accepted within the government and institutions of the Borough of Englewood Claiffs as to amount to an official policy.

30.    *Inter alia*, Borough residents and employees and officials who have faced retaliation for being politically opposed to Defendant Kranjac , or who have been perceived to be so opposed, include former Construction Officer Paul Renaud, Borough Clerk Lisette Duffy, the Englewood Cliffs PBA, and perhaps others.

31.    Defendant Borough of Englewood Cliffs is liable for the actions of its employees and agents Kranjac and Sopelsa as alleged in the First and Second Counts.

WHEREFORE, Plaintiff demands judgment on this Count against Defendant Borough of Englewood Cliffs for compensatory damages, punitive damages, injunctive relief, costs of suit and reasonable attorney fees.

## FOURTH COUNT
### Malicious Prosecution

32.    Defendants initiated a criminal proceeding against Plaintiff on June 1, 2020; that criminal proceeding was terminated in a way that was favorable to Plaintiff; and the criminal prosecution of June 1, 2020 was without reasonable or probable cause.

33.    The foregoing facts establish that Defendants' proceeding against Plaintiff was a malicious prosecution .

WHEREFORE, Plaintiff demands judgment on this Count against Defendants jointly and severally for compensatory and punitive damages and costs of suit.

## FIFTH COUNT
### Abuse of Process

34.    Defendants initiated an improper and perverted criminal proceeding against Plaintiff on June 1, 2020, which was neither warranted or authorized by law; and that criminal proceeding was brought for an ulterior purpose, to wit, to retaliate against Plaintiff for publically challenging Defendant Kranjac.

35.    The foregoing facts establish that Defendants' proceeding against Plaintiff was an abuse of process.

WHEREFORE, Plaintiff demands judgment on this Count against Defendants jointly and severally for compensatory and punitive damages and costs of suit.

## SIXTH COUNT
### Respondeat Superior

36.    Defendant Borough of Englewood Cliffs is liable for the actions of its employees and agents Kranjac and Sopelsa as alleged in the Fourth and Fifth Counts.

WHEREFORE, Plaintiff demands judgment on this Count against Defendant Borough of Englewood Cliffs for compensatory damages, punitive damages, injunctive relief, costs of suit and reasonable attorney fees.

Dated: May 29, 2022                              /s/  George J. Cotz

## JURY DEMAND

Plaintiff demands trial by jury on all issues.

Dated: May 29, 2022                              /s/  George J. Cotz

## ATTORNEY'S CERTIFICATION

George J. Cotz does hereby certify according to law as follows:

1.      I am the attorney for the Plaintiffs named in this action.  I am aware  of no other action with which this action should be joined, nor am I aware of any other parties that should be made a party to this action.

2.      I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are false, I am subject to punishment.

Dated: May 29, 2022                              /s/   George J. Cotz